# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

JORGE MONTES on his own behalf and on behalf
of all others similarly situated,

    Plaintiff,

v.

TAFOLINO'S INC. and
JUAN TAFOYA

    Defendants.

___

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
___

Plaintiff files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants on his own behalf and on behalf of all others similarly situated.

## STATEMENT OF THE CASE

1. Defendants paid Plaintiff Jorge Montes $400 per week, and no overtime wages, for the 60 hours he worked each week as a dishwasher in Defendants' Mexican restaurant. Defendants thus paid Plaintiff less than the minimum hourly wage (they paid him, on average, $6.67 per hour) and violated his right to be paid overtime wages for overtime hours worked.

2. Defendants similarly refused to pay minimum and overtime wages to their other employees.

3. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees minimum hourly wages and one-and-one-half times each employee's regular rate of pay

for each hour worked beyond forty (40) each workweek. 29 U.S.C. §§ 206, 207.

4. Defendants also violated the Colorado Minimum Wage Order (the "MWO"), 7 CCR 1103-1, because the MWO requires employers to pay their employees minimum hourly wages and one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty (40) each workweek.

5. Plaintiff seeks compensation for Defendants' violations of the FLSA on his own behalf and on behalf of all Defendants' other similarly-situated employees.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Jorge Montes was employed by Defendants to wash dishes from approximately 2007 through May 19, 2014. Plaintiff Montes's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

7. Defendant Tafolino's, Inc. is a registered Colorado corporation doing business at 2001 Youngfield St., Suite D, Golden, CO 80401.

8. Defendant Juan Tafoya is an owner and operator of Tafolino's Mexican Restaurant.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

10. Plaintiff requests that this Court exercise its supplemental jurisdiction over his claims arising under the MWO. 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

12. Plaintiff and Defendants' other employees are or were employed in Defendants' Mexican restaurant.

13. Defendants did not pay Plaintiff or others on a salary basis pursuant to the FLSA because they regularly deducted wages from Plaintiff and others for hours or days not worked. 29 CFR 541.602(a).

14. Plaintiff and Defendants' other employees regularly worked more than forty (40) hours per week. For example, during the workweek ending on April 26, 2014, Plaintiff worked 60.33 hours. During the workweek ending on May 17, 2014, Plaintiff worked 60.67 hours.

15. Rather than pay Plaintiff and the Class overtime premiums for each hour worked beyond forty (40) each work week, Defendants paid Plaintiff and others a salary no overtime premium payments.

16. To illustrate, Defendants paid Plaintiff Montes $200 per week via a paycheck and an additional $200 per week in cash. Defendants did not pay Plaintiff or any of their other employees overtime premiums for overtime hours worked.

17. Because Plaintiff worked, on average, 60 hours per week, Defendants paid him, on average, only $6.67 per hour of work, well below the state and federal minimum wage rates. Defendants similarly violated their other employees' right to be paid minimum hourly wages.

18. Defendants' violations of the FLSA were willful.

19. Defendant Tafolino's Inc. set Plaintiff's and the Class's hours of work, and commanded when, where, and how much labor was to be performed by Plaintiffs and the Class.

20. Defendants enjoyed more than $500,000.00 in annual revenues in each year relevant to this action, and employed more than two persons who handled goods, such as foodstuffs and cleaning materials, which moved in interstate commerce.

21. Defendant Juan Tafoya exercised day-to-day operational control over the Tafonlino's enterprise. Defendant Tafoya hired and fired his employees. For example, Defendant Tafoya hired Plaintiff Montes, and fired an employee named Juan Lopez, among others. Defendant Tafoya directed Plaintiff and all his other employees as to their job duties and disciplined all his employees. Defendant Tafoya set his employees' pay rates, handled payroll, signed his employees' paychecks, made the decision not to pay his employees overtime premiums, and made the decision to pay his employees less than the minimum wage. Defendant Tafoya also exercised financial control over the enterprise. For example, Defendant Tafoya decided what sort of equipment to purchase and which equipment to repair for the restaurant, and made all decisions regarding the finances of the enterprise.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff Montes brings his First and Second Claims, below, for unpaid overtime and minimum wages as collective actions, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT AND FORMER EMPLOYEES WHO WORKED ON OR AFTER DECEMBER 19, 2011 AND WHO WERE NOT PAID MINIMUM AND/OR OVERTIME WAGES.

23. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

24. All potential Class Members are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan regarding employee wages and hours. That is, all Defendants' employees were denied minimum and overtime wages.

### FIRST CLAIM
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)
### Non-Payment of Overtime Premiums

25. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-24 above as if fully set forth herein.

26. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

27. Defendants employed Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

28. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

29. Defendants "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

30. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

31. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime wages for hours worked beyond forty (40) in each given workweek. 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

33. Plaintiff and others suffered lost overtime wages and lost use of those wages in an amount to be determined at trial.

34. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**
**Non-Payment of Minimum Wages**

35. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-24 above as if fully set forth herein.

36. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

37. Defendants employed Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

38. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

39. Defendants "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

40. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

41. Defendants violated the FLSA when they refused to pay Plaintiff and others minimum hourly wages for each hour worked. 29 U.S.C. § 206.

42. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

43. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

44. Plaintiff is entitled to recover unpaid wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### THIRD CLAIM
### Violation of the MWO, 7 CCR 1103-1
### Non-Payment of Overtime Premiums

45. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-21 above as if fully set forth herein.

46. Defendant Tafolino's Inc. was Plaintiff's "employer" as that term is defined by the MWO because it employed Plaintiff in Colorado. 7 CCR 1103-1(2).

47. Plaintiff was Defendant Tafolino's Inc.'s "employee" as that term is defined by the MWO because he performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor he would perform. 7 CCR 1103-1(2).

48. Defendant Tafolino's Inc. violated the MWO when it refused to pay Plaintiff overtime wages for all hours worked beyond forty (40) each work week. 7 CCR 1103-1(4).

49. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

50. Plaintiff is entitled to recover unpaid overtime wages and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18).

### FOURTH CLAIM
### Violation of the MWO, 7 CCR 1103-1
### Non-Payment of Minimum Wages

51. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-21 above as if fully set forth herein.

52. Defendant Tafolino's Inc. was Plaintiff's "employer" as that term is defined by the MWO because it employed Plaintiff in Colorado. 7 CCR 1103-1(2).

53. Plaintiff was Defendant Tafolino's Inc.'s "employee" as that term is defined by the MWO because he performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor he would perform. 7 CCR 1103-1(2).

54. Defendant Tafolino's Inc. violated the MWO when it refused to pay Plaintiff minimum wages for all hours worked. 7 CCR 1103-1(3).

55. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

56. Plaintiff is entitled to recover unpaid overtime premiums and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18).

**WHEREFORE**, Plaintiff prays;

As to his First Claim, that:

    a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b. Plaintiff and the Class be awarded compensatory damages;

    c. Plaintiff and the Class be awarded liquidated damages as required by law;

    d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

    e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

As to his Second Claim, that:

    a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b. Plaintiff and the Class be awarded compensatory damages;

    c. Plaintiff and the Class be awarded liquidated damages as required by law;

    d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

    e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

As to his Third Claim, that:

    a. Plaintiff be awarded the unpaid balance of the full amount of wages due, together with the costs of this suit. Colo. Rev. Stat. § 8-6-118; 7 CCR

      1103-1(18).

    b. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

    c. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his Fourth Claim, that:

    a. Plaintiff be awarded the unpaid balance of the full amount of wages due, together with the costs of this suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18).

    b. Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law;

    c. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

**MILSTEIN LAW OFFICE**

*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*