**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-03425-MSK-MJW

**JORGE MONTES, on his own behalf and on behalf of all others similarly situated,**

  Plaintiff,

v.

**TAFOLINO'S INC.;
JUAN TAFOYA,**

  Defendants.

---

**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION AS A
COLLECTIVE ACTION AND DIRECTING NOTICE**

---

**THIS MATTER** comes before the Court on the Plaintiff Jorge Montes' Motion for Conditional Collection Certification (**#6**), the Defendants' Response (**#30**), Mr. Montes' Reply (**#31**).

As relevant to the instant motion, Mr. Montes asserts two claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 207,[1] against the Defendants, Tafolino's, Inc. and Juan Tafoya. Mr. Montes alleges that while he was employed by Tafolino's Mexican Restaurant ("Tafolino's") as a dishwasher the Defendants (1) improperly denied him properly computed overtime compensation for work he performed and (2) refused to pay him the minimum hourly wage for each hour he worked. Mr. Montes also desires to assert similar claims in a representative capacity on behalf of other individuals employed by Tafolino's from December 19, 2011 to the present.

---

[1] Mr. Montes also asserts two claims under the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

The FLSA allows "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to initiate an action against an employer for the wrongful denial of overtime compensation. 29 U.S.C. § 216(b). Other employees become plaintiffs to such action by filing written consent in the court where the action is commenced. *See id.*

The standard for determination of whether an FLSA action should be regarded as a collective action depends upon the time at which certification is sought. *See Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102, 1105 (10th Cir. 2001). Often, a court typically makes an initial determination at the notice stage. *See id.* at 1102. Conditional certification of the case as a collective action at an early stage is appropriate when it facilitates the giving of notice to potential plaintiffs and discovery at the notice stage, and a court uses a lenient standard to determine whether employees are situated similarly to the named plaintiff. A court considers whether there are substantial allegations that the plaintiffs were the victims of a single decision, policy or plan.

A determination at the conclusion of discovery involves application of a stricter standard. *See id.* at 1102-03. In determining whether plaintiffs are similarly situated at this later juncture, a court considers: (1) the employment situation of each plaintiff; (2) different defenses applicable to different plaintiffs; (3) fairness or procedural considerations; and (4) whether each plaintiff exhausted required remedies before joining the lawsuit. *See id.* at 1103.

The certification requested here is of the first type. The Defendants do not oppose conditional certification of the action; however, they object to the definition of the class proposed by Mr. Montes.

Mr. Montes proposed that the class be defined as: "All individuals employed by Defendants between December 19, 2011 and the present who were not paid minimum and/or

overtime wages." The Defendants assert that Mr. Montes' proposed definition of the class is too broad because (1) it does not exempt exempts bona fide executive, administrative, or professional employees pursuant to 29 U.S.C. § 213(a)(1); (2) it is worded in such a way that it could be construed to include employees who were paid minimum wages and who did not work overtime; and (3) the phrase "employed by Defendants" is potentially confusing and does not recognize the corporate status of the Tafolino's, Inc. To remedy these issues, the Defendants propose that the class be defined as: "All individuals employed in a non-exempt position by Tafolino's, Inc., between December 19, 2011 and the present who were not paid minimum wage and/or overtime wages for overtime hours worked."

Although Mr. Montes agrees with the Defendant's proposed amendment to the class definition to clarify the language used regarding overtime wages, he objects to the remaining two changes proposed by the Defendants. Mr. Montes objects to the specification of Tafolino's, Inc. as the employer on the grounds that Mr. Tafoya meets the definition of employer found in 29 U.S.C. § 203(d) because he "exercised operational control over the Tafolino's enterprise" and had direct responsibility for the supervision of employees. Mr. Montes is correct that Mr. Tafoya is properly named as defendant in this action based on the well-pleaded facts in the complaint. However, for purposes of providing notice, the Court finds that it would be more appropriate to specify that prospective plaintiffs are limited to employees of Tafolino's, Inc. Mr. Montes claims relate to his employment at the Tafolino's restaurant. For these claims, the only other similarly situated plaintiffs would also be employees of the restaurant. As to the Defendants' assertion that the collective action should preclude employees that are exempt pursuant to 29 U.S.C. § 213(a)(1), the Court will consider what defenses are applicable to different plaintiffs at the conclusion of discovery. *See Thiessen*, 267 F.3d at 1103.

Accordingly, the following class of similarly situated persons is conditionally certified: All individuals employed by Tafolino's, Inc. between December 19, 2011 and the present who were not paid minimum wage and/or overtime wages for overtime hours worked. At the conclusion of discovery, the Court will determine whether this action should proceed as a collective action for purposes of trial.

**IT IS ORDERED THAT** Mr. Montes' Motion for Conditional Collective Action Certification (**#6**) is **GRANTED**.

1. The following class of similarly situated persons is conditionally certified: All individuals employed by Tafolino's, Inc. between December 19, 2011 and the present who were not paid minimum wage and/or overtime wages for overtime hours worked.

2. The Defendants shall provide the last known names, addresses, and email addresses of the potential class members to Plaintiff's counsel no later than 21 days after the date of this Order.

3. Plaintiff's counsel shall distribute the Notice of Your Right to Join Unpaid Wages Lawsuit (including the attached Consent to Join) in the form attached to the Plaintiff's Motion to the potential class members via mail and/or e-mail no later than 28 days after the date of this Order. Any mailed Notice shall be limited to the Notice and an addressed, postage-paid envelope. Any e-mailed Notice shall be limited to the Notice with the following message: "Attached please find a Notice of Your Right to Join Unpaid Wages Lawsuit and Consent to Join form regarding the case styled *Jorge Montes v. Tafolino's Inc.*, Case No. 1:14-cv-3425-MSK-MJW, United States District Court for the District of Colorado." Plaintiff's counsel shall advise Defendants' counsel of the date of the first mailing or e-mailing of the Notice.

4. Potential class members shall have 60 days from the date of the first mailing or emailing of the Notice to opt in to the litigation as party plaintiffs ("the Opt In Deadline"). Consent to Join forms must be postmarked (if mailed), fax stamped (if faxed), or e-mailed (if e-mailed) no later than 11:59 p.m. on the Opt in Deadline in order to be effective. Consent to Join forms returned after the Opt in Deadline shall not be effective, absent further order of the Court.

5. Plaintiff's counsel may send a reminder Notice by email and/or e-mail thirty (30) days after the first mailing or e-mailing under the same conditions as the first Notice.

Dated this 22nd day of May, 2015.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge